THE STATE v. MARK ROBINSON, *alias* MARK ROBESON, *alias* MARC ROBINSON, *alias* MART ROBINSON, Appellant.—136 S. W. (2d) 1008.

Division Two, February 21, 1940.

*Roy McKittrick*, Attorney General, *W. J. Burke*, Assistant Attorney General, for respondent; *Robert P. C. Wilson, III*, of counsel.

898

BOHLING, C.—Mark Robinson appeals from a judgment imposing a sentence of fifteen years' imprisonment.

Defendant was apprehended in the, act of having intercourse, just immediately prior to "penetration," with a female of the age of twenty-five years but of the mentality of a child of eight years, classified as a lower type of moron. The case is presented here and, from the record, was tried *nisi* on the theory she did not possess capability of mind to consent to an act of intercourse. The evidence does not disclose the persons to be of different races or the use of any actual force. State v. Schlichter, 263 Mo. 561, 574, 173 S. W. 1072, 1075[1-3], quoting and following State v. Warren, 232 Mo. 185, 200, 203, 134 S. W. 522, 526, 527, Ann. Cas. 1912B, 1043, 1048, states:

" 'Carnal intercourse with a woman incapable from mental infirmity of giving consent, is rape, unless the man is ignorant of her infirmity and its extent, believes he has her consent, and has no intention to have intercourse without her consent.

" 'Where the woman in point of fact yields an apparent assent to the act, the burden is on the State to prove that at the time of the act she was incapable, because of mental disease, of assenting to or dissenting from the act, and that the defendant knew of such incapacity.'

"And further:

" 'It would not be enough to show merely that she was weakminded, and that the defendant knew that she was so. "The mere fact that a woman is weakminded does not disable her from consenting to the act. . . . So long as the woman is capable of consenting, and does consent, the act is not rape, and this is true though the man may know that she is of weak intellect." [State v. Cunningham, 100 Mo. l. c. 393.]' " [See also, State v. Helderle (Banc), 186 S. W. 696, 700; State v. Williams, 149 Mo. 496, 501, 51 S. W. 88, 89.]

The Attorney General concedes there was no substantial evidence that defendant had knowledge of the female's legal incapacity to consent. Viewing the instant record under the facts and rulings in the Schlichter, Warren and Helderle cases, we reach the same conclusion.

■ The charge against defendant (that defendant "did . . . feloniously upon one" C. W. "make an assault, and her, the said" C. W. ". . . feloniously . . . did attempt to ravish and carnally know, against . . .") was held insufficient in State v. Ross (1857), 25 Mo. 426, to state the offense of an assault with intent to rape under Sec. 4015, R. S. 1929, Mo. St. Ann., p. 2821 (then R. S. 1845, p. 350, sec. 37). Without ruling the issue (consult 52 C. J., p. 1047, sec. 67, nn. 65 and 66), we think the information should be amended, if for no other reason, to avoid unnecessary issues. Such action in the instant case will also eliminate defendant's contentions that the instructions, in authorizing a conviction for an assault with intent to rape, submitted an offense different from that charged in the information.

■ State v. Ross, 25 Mo. l. c. 430, is also authority for a ruling that the wording of the instant charge does not bring it within Sec. 4442, R. S. 1929, Mo. St. Ann., p. 3048 (then R. S. 1845, p. 408, sec. 1), providing punishments for attempts to commit an offense "where no provision is made by law for the punishment of such attempt," but that such a charge may be punished under Sec. 4015, supra. The instructions authorized and the jury assessed a punishment of fifteen years' imprisonment (consult Sec. 4442, supra, subdiv. "First"), whereas the maximum punishment under Sec. 4015 is five years' imprisonment. In the event of another trial the instructions should conform to the authorized statutory punishment. Also, appellant was charged under the habitual criminal act and in this connection we direct attention to the observations in State v. McBroom, 238 Mo. 495, 501, 141 S. W. 1120, 1121, and State v. Sumpter, 335 Mo. 620, 625(II), 73 S. W. (2d) 760, 762[4, 5], with respect to the form of the verdict.

The State may be able to adduce substantial evidence of defendant's knowledge of the female's mental condition. Depending upon whether such evidence is direct or circumstantial, an instruction on circumstantial evidence may become appropriate.

The judgment is reversed and the cause remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.