Edward JAMES, Petitioner-Appellant,

v.

John TWOMEY, Warden, Illinois State
Penitentiary, Respondent-Appellee.

No. 71–1539.

United States Court of Appeals,
Seventh Circuit.

Argued June 8, 1972.

Decided Aug. 11, 1972.

Jerold S. Solovy, and James A. Lowe, Chicago, Ill., for petitioner-appellant; Jenner & Block, Chicago, Ill., of counsel.

William J. Scott, Atty. Gen., James B. Zagel, Robert E. Davison, Asst. Attys. Gen., Chicago, Ill., for respondent-appellee.

Before STEVENS, Circuit Judge, DURFEE, Senior Judge of the United States Court of Claims,* and ESCHBACH, District Judge.**

DURFEE, Senior Judge.

Petitioner-Appellant, Edward James, filed a petition for a writ of habeas corpus in the United States District Court, pursuant to 28 U.S.C. § 2254. On June 8, 1971, the District Court denied the application, and dismissed the petition, but entered an order on June 25, 1971, granting petitioner a certificate of probable cause for appeal from the dismissal. Petitioner now brings this appeal. The grounds upon which petitioner relies are as follows: (1) the state trial court deprived petitioner of a substantial right, that of having the jury determine his sentence, and in so doing, denied petitioner the equal protection of the laws guaranteed him by the Fourteenth Amendment of the Constitution of the United States; (2) the law under which petitioner's sentence was imposed by the court was changed to petitioner's substantial disadvantage after the commission of the offense and, accordingly, is an *ex post facto* law, which is prohibited under Article I, Section 10 of the Constitution of the United States. For the reasons set forth in the following opinion, the order of the District Court de-

nying petitioner's application for a writ of habeas corpus is affirmed.

Petitioner was convicted of rape in a jury trial in Illinois state court. The offense was committed on July 26, 1961, and the trial began on April 3, 1962. Between the time of the commission of the offense and the time of the trial, certain sections of the Illinois Criminal Code were changed. Thus, the provisions of the code which were applicable at the time the offense was committed were Sections 490 and 801 of Chapter 38, Illinois Revised Statutes (1959) [hereinafter referred to as the old code], whereas, as of the time of trial, the corresponding provisions, which became effective January 1, 1962, were Sections 1–7(e) and 11–1(c) of Chapter 38, and Section 4 of Chapter 131 of the Illinois Revised Statutes (1961) [hereinafter referred to as the new code]. The old code provided that "[e]very person convicted of the crime of rape shall be imprisoned in the penitentiary for a term not less than one year and may extend to life." Ill.Rev.Stat. (1959), Chap. 38 § 490. In addition, the old code provided, *inter alia*, that "[i]n all cases [in which a defendant over ten years of age has been charged with rape] and the case shall be tried by a jury and the jury shall find defendant guilty, the jury shall also by its verdict fix the punishment [and the term of any imprisonment]." Id. at § 801.

Under the new code, "[a]ll sentences to the penitentiary shall be for an indeterminate term. The court in imposing a sentence of imprisonment in the penitentiary shall determine the minimum and maximum limits of imprisonment [the minimum period of imprisonment so fixed not being less than the minimum term provided by law, and the maximum term so fixed not being greater than the maximum provided by law]." Ill.Rev.Stat. (1961), Chap. 38, § 1–7(e). Section 11–1 of the new code provides

---

* Senior Judge James R. Durfee of the United States Court of Claims is sitting by designation.

** District Judge Jesse E. Eschbach of the Northern District of Indiana is sitting by designation.

that "[a] person convicted of rape shall be imprisoned in the penitentiary for any indeterminate term with a minimum of not less than one year." Id. at § 11–1. The new code contained a "savings clause," which provides that "[n]o new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any * * * punishment incurred * * *. If any * * * punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect." Id., Chap. 131, § 4.

After the jury returned a verdict of guilty, it was discharged by the trial judge. The trial judge then asked defense counsel whether the petitioner wished to be sentenced under the old code or the new code. Defense counsel replied that the petitioner wished to be sentenced by the court under the new code which provided for an indeterminate sentence. Accordingly, James was sentenced by the judge to from 15 to 25 years in the penitentiary. The judgment of conviction was affirmed on September 13, 1965. People v. James, 62 Ill.App.2d 225, 210 N.E.2d 804. In his appeal, petitioner did not assert the invalidity of his sentence as such but, rather, first raised this issue in a petition under the Illinois Post Conviction Hearing Act, which petition was dismissed on July 20, 1967. This dismissal was upheld by the Illinois Supreme Court which held that since James had not raised the issue of the constitutionality of his sentence on direct appeal, he would be deemed to have waived it for purposes of the state post conviction relief which he sought. People v. James, 46 Ill.2d 71, 263 N.E.2d 5 (1970). The court noted that where fundamental fairness has required, the operation of this waiver rule has been relaxed; however, there was no necessity to do so in this case.

Petitioner contends that his consent to having the new code applied was not meaningful or knowing and that, in any case, the new code did not have a mitigating effect on his punishment.[1] Since both of these conditions were required by the terms of the "savings clause" before the new code could be applied, the petitioner concludes that his sentence is void, and should be set aside in this proceeding. In support of this proposition, petitioner cites Bozza v. United States, 330 U.S. 160, 67 S. Ct. 645, 91 L.Ed. 818 (1947) and In Re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149 (1894). In Bozza, supra, the Court held that the trial judge's recalling the petitioner to amend the sentence so that it would include the minimum mandatory sentence did not expose the petitioner to double jeopardy. The Court then said that "a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal * * * (citations omitted) or in habeas corpus proceedings. In Re Bonner, 151 U.S. 242 [, 14 S.Ct. 323, 38 L.Ed. 149]." 330 U.S. at 166, 67 S.Ct. at 648–649. In the Bonner case, the petitioner had been convicted under a Federal statute which provided for a maximum term of imprisonment on the basis of another Federal statute; however, the latter statute was limited by its terms to those sentences in excess of one year. The Court in that case had no trouble in finding that the sentence, insofar as it provided for incarceration in state prison, was void. In the instant case, the petitioner's application does not raise any issue properly cognizable in this habeas corpus proceeding, but rather, although couched in terms of constitutionally proscribed deprivations,

---

1. The petitioner also contends that by discharging the jury when he did, the trial judge effectively precluded any meaningful election on the part of petitioner. It cannot be assumed that had petitioner not indicated to the trial judge that he wished to be sentenced under the new code, that some appropriate measure would not have been taken.

raises only questions of state law. *See,* Pringle v. Beto, 424 F.2d 515 (5th Cir. 1970); Conway v. Wilson, 368 F.2d 485 (9th Cir. 1966), cert. denied, 386 U.S. 925, 87 S.Ct. 897, 17 L.Ed.2d 798 (1967). There has been no deprivation of a Federally protected right, insofar as petitioner had no Federally guaranteed right to a jury determination of his sentence.[2] Payne v. Nash, 327 F.2d 197 (8th Cir. 1964). Nor has there been a departure from regular state trial procedures "of such significance that it denied to appellant a substantial right * * * granted to others in his position * * *" Braley v. Gladden, 403 F.2d 858, 861 (9th Cir. 1968). Petitioner was represented by counsel at his trial, and counsel expressly elected to have sentence imposed under the new Act rather than the old. There is nothing in the record to indicate that this election was not in the best interest of his client, or more narrowly, that competent counsel could not reasonably have expected that choice to be the better one.

 Petitioner also contends that since the law in Illinois was changed to petitioner's substantial disadvantage after the commission of the offense, it is an *ex post facto* law, prohibited by Article I, Section 10 of the United States Constitution. Within the context of this case, it is certainly not clear that the statute as changed, even absent the "savings clause," made more onerous the punishment to which a defendant found guilty of rape would be exposed. Under the old code, if defendant were found guilty in a trial by jury, the jury would fix a term of imprisonment which could extend from one year to life. Under the new code, the trial judge is given the responsibility of fixing an indefinite term of imprisonment, the minimum term being no less than one year, and the maximum being life. This is certainly distinguishable from the situation encountered in Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937), in which the newly enacted statute required that what was merely a maximum under the old statute be a mandatory term with a possibility of parole. However, even assuming that the new code in the instant case did in some manner make punishment more onerous, the "savings clause," Section 4 of Chapter 131 of the Illinois Code, provides that "[n]o new law shall be construed to repeal a former law * * * as to any offense committed against the former law * * *, [but that if any] punishment be mitigated by any provisions of a new law, [the person affected may] consent [to the application of the new law]." Ill.Rev.Stat. (1961), Chapter 131, § 4. Almost by definition, this prevents the new code from being a constitutionally proscribed *ex post facto* law. As petitioner points out, the old code is not repealed with regard to crime committed thereunder. The statute operates automatically to bring those persons charged with crime under the old code within the scope of that body of law. The new code affects such persons only if it is mitigating, and the party affected consents to its application. The constitutional prohibition against *ex post facto* laws applies only to changes in substantive law, and not to changes in procedure. Beazell v. Ohio, 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1965). The enactment of the new code did not effect a change in substantive law vis-a-vis the petitioner but only a change in procedure, insofar as petitioner could elect not to have the jury fix his sentence. The case at bar presents an even stronger case for the constitutionality of the statute than that confronted by the Fifth Circuit in Donald v. Jones, 445 F.2d 601, cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 543 (1971) in which, under the new statute, defendant had to elect to have the jury fix his punishment, the law in effect at the time of

2. Although this would appear to be unaltered by Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), it is unnecessary to reach this point due to the non-retroactive application of *Duncan*. DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968).

the offense providing for a single, general verdict by which the jury determined both defendant's guilt and punishment. In sum, the statute is not an *ex post facto* law within the meaning of Article I, Section 10 of the Constitution. Nor do the actions of the state trial court come within this proscription. *See e. g.*, James v. United States, 366 U.S. 213, 247 n. 3, 81 S.Ct. 1052, 6 L. Ed.2d 246 (1961) (Harlen & Frankfurter, JJ., concurring in part and dissenting in part); Frank v. Mangum, 237 U.S. 309, 35 S.Ct 582, 59 L.Ed. 969 (1915); Ross v. Oregon, 227 U.S. 150, 33 S.Ct. 220, 57 L.Ed. 458 (1913).

Accordingly, the order of the District Court denying petitioner's application is affirmed.