**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gerald TURNBOUGH, Jr., a/k/a Jerry Jr. Turnbough, Defendant-Appellant.**

**No. 34966.**

Missouri Court of Appeals,
St. Louis District.

May 22, 1973.

Motion for Rehearing or Transfer Denied
June 8, 1973.

Application to Transfer Denied
Sept. 10, 1973.

Hale W. Brown, Kirkwood, for defendant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, James E. Darst, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Chief Judge.

The defendant, Gerald Turnbough, was found guilty by a jury of assault with intent to kill with malice. Defendant and another were jointly charged in the information but the defendant was tried sepa-

rately. He appeals from the judgment sentencing him to a term of twenty-five years imposed under the Second Offender Act.

He contends here that there was insufficient credible evidence on which the jury could base its verdict, and, therefore, his motion for judgment of acquittal at the close of the state's case should have been granted. This contention is without merit for two reasons.

■ First, after defendant's motion for judgment of acquittal was denied, he offered evidence in his own behalf. By so doing, he waived any claim of error as to this motion. State v. Hill, 438 S.W.2d 244 (Mo.1969).

■ Second, it is not the function of this court to weigh the evidence, as long as it is substantial enough to support the finding of the jury and the judgment of the trial court. State v. Talbert, 454 S.W.2d 1 (Mo.1970); State v. Taylor, 445 S.W.2d 282 (Mo.1969). Defendant attacks in particular the testimony of Arthur Mangrum as being inconsistent, and unworthy of belief. Mangrum was the owner of a tavern from which defendant and a companion were ejected for causing a disturbance a short time before the incident out of which the within charge arose. It was Mangrum who, looking out the front window of the tavern, saw the defendant and the same companion later drive up and park across the street from the tavern. He saw them get out of the car and open the trunk, and shortly thereafter, he heard the sound of two gunshots. When he ran outside, he observed one Kenneth King lying on the sidewalk, apparently wounded,[1] and saw defendant and his companion, one of them holding a long-barrelled gun, get back in the car and drive away.

It is true, as defendant contends, that there were inconsistencies in Mangrum's testimony, none of which needs to be set out here. However, his testimony constitutes circumstantial evidence. Defendant's contention that the evidence provided by such testimony is insufficient to support the verdict is not correct.

■ Our review is limited to determining whether there was sufficient evidence from which reasonable men could have found the results so found beyond a reasonable doubt. State v. Arnett, 370 S.W.2d 169 (Mo.App.1963). In making this determination we consider as true all evidence favorable to the verdict as well as all reasonable inferences to be drawn therefrom. State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969). Where the evidence in support of the verdict is substantial, the effect of conflicts or inconsistencies in any testimony are questions for the jury. State v. Small, 423 S.W.2d 750 (Mo.1968). A jury may believe all the testimony of a witness or none of it, or may accept it in part or reject it in part, just as they may find it to be true or false when considered in relation to other testimony and the facts and circumstances of the case. State v. Wynn, 391 S.W.2d 245 (Mo.1965). Moreover, in a case based on circumstantial evidence, the circumstances need not demonstrate an absolute impossibility of innocence. State v. Phillips, 452 S.W.2d 187 (Mo.1970); State v. Thomas, 452 S.W.2d 160 (Mo.1970). The State is required to prove facts and circumstances consistent with the guilt of the defendant and inconsistent with any reasonable theory of his innocence. State v. Keller, 471 S.W.2d 196 (Mo.1971).

Obviously, Mangrum's testimony, if believed by the jury, was inconsistent with any reasonable theory of the defendant's innocence. According to the verdict, the jury apparently did believe his testimony. This was the jury's province, as trier of fact, and it is not open to question by this court. The evidence provided by Man-

[1]. Subsequent evidence established that Kenneth King's gunshot wound resulted in the amputation of his leg between the knee and hip.

grum's testimony was, by the standards set out, *supra,* sufficient and substantial evidence on which to base the verdict entered.

The presence of the defendant at the scene of the commission of a crime by another, although insufficient of itself, is evidence to be considered in determining whether he was guilty of aiding and abetting the crime. State v. Stockdale, 415 S. W.2d 769 (Mo.1967). Evidence fairly showing any form of affirmative participation or that the accused in any way aided, abetted, or encouraged another in the commission of the crime is sufficient to support a conviction. State v. Stockdale, *supra.* In order to show participation in a crime, the State is not required to prove that the defendant personally committed all of the acts constituting essential elements of the crime. State v. Gideon, 453 S.W.2d 938 (Mo.1970). The evidence was that Mangrum had an opportunity to observe the defendant and his companion in his tavern; the defendant and his companion left in a 1964 Ford; Mangrum saw them return about ten minutes later in the same car, stop across the street from the tavern, and get out of the car; Mangrum stated that he heard two gunshots and saw either the defendant or his companion holding a long-barrelled gun; and, Mangrum then saw both get back into the automobile and flee and saw the victim lying on the ground. While Mangrum's testimony may not be sufficient to establish *which* of the two—defendant or his companion—actually fired the shots, it was plainly sufficient to establish that one of the two had done so. The evidence is clear that there was affirmative participation by the defendant. This is sufficient to sustain the verdict.

Defendant also objects to the admission of hospital records showing that one Kenneth King was treated for gunshot wounds on the night of the incident herein. He relies on State v. Cook, 440 S.W.2d 461 (Mo.1969), which held that the admission of hospital records violates a defendant's right of confrontation if there is a show-

ing that the records constitute probative evidence that defendant had committed the crime alleged. In addition, defendant alleges that, since Kenneth King did not testify, no foundation was ever established to show that the victim and the person referred to in the hospital records were one and the same.

This argument is without merit. The records admitted into evidence in this case do not mention the defendant at all. Therefore, State v. Cook, *supra*, is not applicable. See State v. Durham, 418 S. W.2d 23 (Mo.1962). We also find a reasonable inference that the victim Kenneth King and the patient Kenneth King were one and the same person. Certainly, the jury could have so found without violating any rules of logic or reason.

The remainder of defendant's contentions on this appeal are directed to certain statements made by the prosecutor in his closing argument. Only one needs to be singled out, that is, the prosecutor's comment that defendant had failed to volunteer an exculpatory statement concerning his alibi when he was arrested. Defendant failed to raise this point in his motion for a new trial but claims it is plain error and we should consider it under Rule 27.20(c).[2] Defendant relies heavily on State v. Stuart, 456 S.W.2d 19 (Mo. banc 1970), wherein the court held that it was plain error to admit evidence that an accused had failed to volunteer an exculpatory statement concerning his possession of the stolen property. The court in *Stuart* went on to explain, however, that this was plain error because "[T]he sufficiency of the State's case depends upon the defendant's recent unexplained possession of the stolen property." (1. c. 22). Here the State has a sufficient case based upon evidence of the events occurring on the evening in question and the testimony of witnesses to some of these events. We feel, therefore, that State v. Stuart, *supra*, is not controlling here.

---

2. Reference is to Missouri Supreme Court Rules, V.A.M.R.

In addition, defendant testified in his own behalf and raised this alibi on direct examination. No objection was made when the State cross-examined him as to his failure to tell authorities of this alibi on the night of his arrest or during the year and a half between his arrest and the trial. Having taken the stand, the defendant subjected himself to cross-examination for impeachment purposes. State v. Byrth, 395 S.W.2d 133 (Mo.1965). And having put his alibi into issue, defendant subjected it to attack. State v. Harvey, 449 S.W.2d 649 (Mo.1970). The credibility of the defendant and the truth of the alibi were for the jury to determine and we are unable to conclude from the record that the cross-examination and comments of the prosecutor had a decisive effect on the jury or resulted in a manifest injustice or miscarriage of justice. State v. Elmore, 467 S.W.2d 915 (Mo.1971). We do not, therefore, feel this case warrants application of Rule 27.20(c).

Finally, defendant attacks several other statements made by the prosecutor in his closing argument. As to these, we need say only that the scope of an attorney's argument to the jury is a matter within the discretion of the trial court. Even granting that part of the argument herein may have been improper, the question of whether it was so prejudicial under the facts of this case as to warrant the declaration of a mistrial or a reprimand to the attorney (neither of which was requested by defendant herein), is also within the discretion of the trial court. We reverse only on a clear showing of abuse of that discretion. State v. Jewell, 473 S.W.2d 734 (Mo.1971); State v. Hutchinson, 458 S.W.2d 553 (Mo. banc 1970). No such showing has been made.

Finding no reversible error, the judgment is affirmed.

CLEMENS and McMILLIAN, JJ., concur.