Gerald TURNBOUGH, Jr., Movant,

v.

STATE of Missouri, Respondent.

No. 36313.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 9, 1975.

Motion for Rehearing or Transfer to Court En Banc or Transfer to Supreme Court Denied Jan. 23, 1976.

Application to Transfer Denied
March 8, 1976.

Gael T. Infande, Crouppen, Walther & Zwibelman, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City,

Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Gerald Turnbough, movant, and Leahman Triplett were jointly charged by Substitute Information in Lieu of Indictment with assault with intent to kill with malice. The information also charged movant as a second offender. It was alleged that on the 28th day of August, 1964, in the Circuit Court of Greene County, Missouri, movant had been convicted of the offense of burglary and sentenced to three years in the Department of Corrections; that he was paroled on September 21, 1965, and was discharged November 22, 1966. Movant and Triplett were tried separately.

Movant was found to be a second offender and upon a verdict of guilty by the jury the court assessed his punishment at 25 years in the Department of Corrections. He filed a motion under Rule 27.26 to have the court vacate the judgment and grant him a new trial. The trial court after an evidentiary hearing made findings of fact and conclusions of law and denied the motion.

Counsel appointed to represent movant on this appeal has filed a brief and movant has filed a brief pro se. Movant's attorney's brief contends that it was error for the trial court in 1972 to sentence appellant under the Second Offender Act. Movant's pro se brief complains of constitutional infirmities in his being prosecuted for assault with intent to kill with malice under § 559.-180 [1] which carries a greater penalty than the general attempt statute § 556.150. He also contends that he was denied his right to cross-examination and confrontation of the victim of his crime because the victim did not testify at the trial. We affirm the judgment of the trial court.

Pertinent to the point raised by movant's counsel, movant at the evidentiary hearing introduced into evidence a certified copy of the proceedings held in the Circuit Court of Greene County, Missouri, on December 21, 1962. The record indicates that at that time the movant was found guilty of the charge of burglary upon this plea of guilty and upon being granted allocution the court placed him on probation for an indeterminate period of time.

Also introduced was the record of August 28, 1964, at which time the Circuit Court of Greene County revoked probation and sentenced movant to the Department of Corrections for a period of 3 years from the 28th day of August, 1964. With respect to the question of whether he was represented by counsel the records of the court state: "Now on this day comes the Prosecuting Attorney of Greene County, who prosecutes on behalf of the State, and also comes the defendant in his own proper person and in the custody of the Sheriff of this County, in open Court." The record is silent as to whether movant was represented by counsel at that time. Movant testified at the hearing on the 27.26 motion. The question of whether movant had an attorney at the sentencing was not covered on direct examination. When the movant was asked on cross examination whether or not he had pleaded guilty to the charge of burglary he answered in the affirmative. When asked whether he went back into court on December 21, 1962, when he was granted probation he answered that "It's been a long time, I don't remember." The following then occurred:

"Q. Well, do you remember going back into court and getting revoked?

A. Yes, I remember. Yeah.

Q. Okay. Had you contacted your lawyer before you went in there?

A. No. I didn't have no lawyer.

Q. Mr. Cox had originally represented you hadn't he?

A. At the beginning of the trial I think so, I was going to change my plea from guilty to not guilty though.

1. All statutory references are to RSMo 1969, V.A.M.S. unless otherwise indicated.

Q. Uh huh, okay. So, you don't remember being taken back into court on December 21, 1962?

A. I don't remember; its been a long time.

Q. And you don't remember whether or not you were sentenced on December 21, 1962? In other words when you came back in and told the judge—the judge was granting you probation, you don't remember whether or not he sentenced you that day?

A. I don't know."

The only point in the brief of movant's counsel reads as follows:

"It was error for the trial court to sentence appellant under the Second Offender Act, Section 556.280 R.S.Mo.1969, because the prior conviction that allowed the court to do so was unconstitutional to the extent that the Circuit Court of Greene County denied appellant his Sixth Amendment right to counsel and his Fourteenth Amendment rights to due process and equal protection when it revoked his probation and imposed sentence without appellant receiving benefit of counsel. For the St. Louis Circuit Court to then use this unconstitutionally obtained prior conviction, compounded the constitutional wrong suffered by appellant."

Rule 27.26 limits our review " . . . to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." Rule 27.26(j). *Dill v. State,* 525 S.W.2d 437 (Mo.App.1975); *Slankard v. State,* 525 S.W.2d 101 (Mo.App. 1975).

■ The point relied on attacks no finding, judgment or conclusion of the court which heard the 27.26 motion, but attacks the finding of the trial court that he was a second offender when he was tried in 1972 for the assault. It thus raises matters not

included within the findings, conclusions and judgment of the court that heard the 27.26 motion. We have nothing before us for review.

We note, however, that the trial court made no specific finding as to whether movant was represented by counsel when his probation was revoked on August 28, 1964. The finding respecting the issue reads as follows:

"8. The defendant was represented by counsel at time of his plea in Cause 43184, Greene County Circuit Court, and present when allocution granted December 21, 1962; the record is silent as to presence of counsel August 21, 1964 at evidentiary hearing on parole revocation, and at additional allocution August 28, 1964 when probation was revoked and sentence imposed and ordered executed, the defendant testified he could not remember whether or not he was represented by counsel at probation revocation or sentencing on August 28, 1964."

■ It is apparent that the trial court misunderstood the last questions quoted above respecting movant's recollection of the events of December 21, 1962, coming as it did immediately after reference to the revocation hearing. The court undoubtedly thought movant was referring to the revocation hearing of August 28, 1964. The finding could possibly be read as a finding that movant had counsel at the sentencing. However it is not specific. Ordinarily this would require remand for specific finding. *Hamilton v. State,* 490 S.W.2d 363, 364[1] (Mo.App.1973). In this case, however, such finding would have no bearing upon the conclusion which we reach.[2]

■ The movant relies primarily on the case of *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) which held

**2.** On September 11, 1975, we were in receipt of a certified copy of an order of the Circuit Court of Greene County dated 14 July 1975 setting aside the sentence of December 21, 1962 and the revocation of probation on August 28, 1964 and ordering the State to "produce movant . . . on the 25th of August 1975 . . . and then and there to be sentenced on the conviction of December 21, 1962".

that counsel must be afforded at a deferred sentencing which is a critical stage of the criminal process. When counsel is not present at sentencing and defendant is thereby prejudiced the cause will be remanded for a resentencing only.

At the time of defendant's trial in June 1972, *Mempa v. Rhay* had been the law for almost five years. What was said in *Montgomery v. State,* 529 S.W.2d 8 (Mo.App. St.L., 1975) is apropos here: "Whether defendant was a second offender at the time of that conviction was a question of fact to be determined by the trial court in that proceeding. See *State v. Thomas,* 452 S.W.2d 160 (Mo.1970)[7]; *State v. Garrett,* 435 S.W.2d 662 (Mo.1968)[2, 3, 4]. If as a matter of fact or law the evidence failed to support that finding, the matter should have been preserved for and raised on appeal." The constitutional principle sought to be invoked here was not one which was established subsequent to the trial and appeal in the second conviction.

As in *McCrary v. State,* 529 S.W.2d 467 (Mo.App.St.L., 1975) ". . . [movant] made no pretrial, trial or post trial objection", to the introduction of the 1962 conviction. In fact, in the 1972 trial the movant took the stand in his own behalf and in a tactical move, on direct examination, testified that he had been convicted in 1962 and that his parole had been revoked in 1964. His attempt to testify that he had entered a plea with respect to the prior conviction was thwarted. We can find nothing in his 27.26 motion or on this appeal to explain his failure to object to the admission of that conviction or to refute the contention that he should have raised the claim in the 1972 trial and on the direct appeal which was taken in the case after that trial.

■ The circumstances herein also sustain a finding that a bypass of the orderly

State procedure was made and thus movant is precluded from raising this issue at this time. *McCrary v. State, supra.*

As we read movant's pro se brief he first contends that he should have been tried under § 556.150 the general statute on attempt rather than § 559.180 which is a statute specifically defining assault with intent to kill and providing for the punishment.

■ As with the first point discussed in this opinion this point does not attack any finding or conclusion of the trial court in the hearing on the 27.26 motion. Rule 27.-26(j); *Dill v. State, supra; Slankard v. State, supra.*

■ In any event movant's contention is without merit. A similar contention was made and summarily disposed of by our Supreme Court in *State v. Fielder,* 210 Mo. 188, 109 S.W. 580 (1908). There, defendant was tried and convicted under Laws 1903, p. 159, for attempting to vote under a name not his own. He contended that he should have been tried under the general attempt statute § 2360 Rev.St.1899, which is now § 556.150. The court held that the act under which defendant was tried was complete in itself and in no way controlled by or in conflict with the statute which is now § 556.150. The same thing can be said in this case. § 559.180 defines the crime of assault with intent to kill;[3] it does not come within the purview of the attempt statute; it promulgates a distinct crime and is complete in itself. *State v. Fielder, supra.*

■ Movant next complains that he was denied the right of confrontation and cross-examination because the victim of the assault did not appear as a witness in the case. This very issue was before this court in the case of movant's co-defendant and

---

**3.** "Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm, with intent to kill, maim, ravish or

rob such person, or in the attempt to commit any burglary or felony, or in resisting the execution of legal process, shall be punished by imprisonment in the penitentiary not less than two years."

was decided adversely to his contention. See *State v. Triplett*, 520 S.W.2d 166, 171[14, 15] (Mo.App.1975).

For the reasons herein the judgment of the trial court is affirmed.

CLEMENS, P. J., and KELLY, J., concur.