420 F.Supp. 588 (1976)
Gerald TURNBOUGH, Petitioner,
v.
Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.
No. 76-239C(2).
United States District Court, E. D. Missouri, E. D.
August 5, 1976.
*589 Gerald Turnbough, pro se.
Atty. Gen. John C. Danforth, Jefferson City, Mo., for respondent.

MEMORANDUM OPINION
REGAN, District Judge.
Petitioner, serving a sentence of twenty-five years imprisonment following his 1972 conviction in the Circuit Court of the City of St. Louis, seeks habeas corpus relief. A jury found petitioner guilty of the offense of assault with intent to kill with malice.[1] *590 Sentence was imposed under the Second Offender Act of Missouri (Section 556.280, R.S.Mo.). The conviction was affirmed in State v. Turnbough, 497 S.W.2d 856 (Mo. App.1973). A motion to vacate judgment and sentence was denied. See Turnbough v. State, 533 S.W.2d 609 (Mo.App.1975).
Petitioner urges that his prior conviction, upon the basis of which the Second Offender Act was utilized, was invalid, thereby vitiating his present conviction and sentence. It appears that on November 21, 1962, petitioner entered a plea of guilty in Greene County, Missouri, to a charge of burglary. On December 21, 1962, the trial court placed petitioner on probation. Thereafter on August 28, 1964, the sentencing court revoked probation, and then after granting allocution, imposed a sentence of three years' imprisonment. The record does not show that an attorney for petitioner was present at the 1964 proceedings.
Petitioner first attacked the validity of the Greene County conviction by a petition for a writ of error coram nobis in 1975, long after he had served his three year sentence and during the pendency of his appeal from the denial of his motion to vacate his 1972 conviction. In that proceeding the Circuit Court of Greene County held that the 1962 conviction was valid but set aside the 1964 sentencing on the ground that petitioner had not then been represented by counsel. The Court then (with petitioner's consent and in the presence of his counsel) reimposed the same sentence and immediately ordered petitioner discharged for the time already served.
It is now settled that the time of sentencing is a critical stage in a criminal case, and that counsel's presence at that stage is necessary to ensure that the defendant's rights are fully protected. Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). On the premise that the right to counsel at sentencing must "be treated like the right to counsel at other stages of adjudication," the decision in Mempa is to be applied retroactively. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968). And, of course, if the 1964 Greene County sentence is invalid, it could not be retroactively validated in 1975 for the purpose of supporting the imposition of an enhanced punishment mandatorily required by a state's Habitual Criminal Act. Losieau v. Sigler, 406 F.2d 795, 799 (8 Cir. 1969) which, unlike the instant case, involved a statute mandating enhanced punishment for a subsequent offense.
The Missouri Second Offender Act, as it now reads (and as it read at the time of petitioner's trial) makes no provision either for enhancing punishment or for a mandatorily prescribed term of imprisonment upon proof of a prior conviction. It merely provides that a hearing shall be held outside the presence of the jury (prior to submission of the case) on the basis of which the trial judge shall determine whether the defendant has been convicted of the prior offense, and if so, the punishment shall be assessed by the court instead of by the jury. Under the former version of the law (then known as the Habitual Criminal Act), evidence of the prior conviction was submitted to the jury. The Missouri courts hold that the real purpose and intent of the revised law is to keep the matter of prior convictions away from the jury.[2]State v. Maxwell, 376 S.W.2d 170 (Mo.1964); State v. Morton, 338 S.W.2d 858 (Mo.1960).
In light of the foregoing, we now consider whether petitioner's 1972 conviction is invalidated by reason of the fact that he was not represented by counsel at his 1964 *591 sentencing, although he had been represented when his guilty plea was taken in 1962.
Petitioner's guilt of both offenses as well as the fact of a valid prior conviction is unquestioned (at least insofar as this point is concerned). The situation in this case is wholly unlike that in Irby v. State of Missouri, 502 F.2d 1096 (8 Cir. 1974), Garrett v. Swenson, 459 F.2d 464 (8 Cir. 1972), and other similar cases. There, the contention was that the trial judge had taken an invalid conviction into consideration in fixing (and enhancing) punishment. In each of those cases, the prior conviction was invalid because the defendant had not been represented by counsel at the time his guilty plea was entered, whereas in the present case petitioner was then represented. The validity of the prior conviction is not here in issue. This is a crucial factual difference.
This case is also unlike United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), relied on by petitioner. In that case the Supreme Court held that where the trial judge in imposing sentence gave explicit consideration to previous convictions of the defendant which were constitutionally invalid, the judge should be required to reconsider the sentence. The theory of the Court was that inasmuch as the trial judge had imposed sentence on the basis of materially untrue assumptions concerning the defendant's criminal record, it was possible that a different, less severe, sentence would have been imposed had the trial judge known that the prior convictions had been unconstitutionally obtained.
And unlike the situation in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, this is not a case in which, at the the instance of the state, a prior conviction which was constitutionally invalid because the defendant had not been represented by counsel, was admitted into evidence (for purposes of enhancing punishment) and thus was inherently prejudicial.
We have been cited to Missouri cases, e. g. State v. Crate, 493 S.W.2d 1 (Mo.App.1973) which appear to hold that a defendant is not convicted until final judgment has been entered after imposition of sentence. What such cases really hold, however, is simply that there is no prior conviction which might be used for purposes of the Second Offender Act until after sentence is imposed. The language of the Act is explicit: "If any person convicted of any offense . . . shall be sentenced . . . and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows." It is thus apparent that sentence follows conviction, but that until the defendant has been sentenced, the conviction does not come within the purview of the Second Offender Act. See discussion of the term "conviction" in United States v. Rosenstengel, 323 F.Supp. 499 (D.C.Mo.1971).
We have been cited to no case involving comparable facts. In our judgment, petitioner suffered no prejudice in his 1972 conviction and sentencing by reason of the absence of counsel at his 1964 sentencing following his valid conviction. The only effect of utilizing the Second Offender Act was to permit the determination of punishment by the court rather than by the jury which determined guilt. There is, of course, no federal constitutional right to an assessment of punishment by a jury. Payne v. Nash, 327 F.2d 197 (8 Cir. 1964); James v. Twomey, 466 F.2d 718 (7 Cir. 1972).
As noted supra, the Missouri law mandates that the trial court determine the fact of a prior conviction before the case is submitted to the jury. If the finding is adverse to the fact of such prior conviction, then the jury fixes the punishment. In this case, petitioner did not object to the admission of the Greene County conviction nor to the finding of the court. And as appears supra in footnote 2, petitioner himself, in a tactical move, testified to the fact of the 1962 conviction. If it was error under Missouri law to admit the conviction for the purpose of authorizing the trial judge to assess petitioner's punishment, such error was waived by petitioner's failure to object thereto or to complain thereof on appeal, as in Crate, supra. Any possible error which *592 may have been committed by the state court in this respect did not rise to federal constitutional proportions, but rather was of a state law procedural nature which could have been, but was not, raised on petitioner's direct appeal. Petitioner has wholly failed to demonstrate any violation of a federally protected right.
Petitioner further contends that he was denied equal protection of the laws and otherwise deprived of constitutional rights, in that he was arbitrarily charged and convicted under Section 559.180 R.S.Mo. instead of being charged with attempted murder under Section 556.150 R.S.Mo., the maximum punishment for which, if that statute governed, would be ten years imprisonment. Section 559.180, specifically applicable to the offense charged, provides that "(e)very person who shall, on purpose and of malice aforethought . . . assault . . . another with a deadly weapon . . . with intent to kill . . such person . . . shall be punished by imprisonment in the penitentiary not less than two years." On the other hand, Section 556.150 is a general statute respecting an unsuccessful attempt to commit any offense. However, by its express language, it is applicable only "in cases where no provision is made by law for the punishment of such attempt." State v. Robinson, 345 Mo. 897, 136 S.W.2d 1008; State v. Ross, 25 Mo. 426. And see State v. Fielder, 210 Mo. 188, 109 S.W. 580. As was held by the Missouri Court of Appeals, St. Louis District, the crime charged in this case is complete in itself, and does not come within the purview of the attempt statute. Turnbough v. State, 533 S.W.2d 609, 613. The obvious purpose of the attempt statute is simply to fill in gaps in the law where such gaps exist. It does not permit prosecutors to pick and choose between the statutes for purposes of prosecuting a particular individual. The point is wholly lacking in merit.
Petitioner's final ground for relief is that he was denied his Sixth Amendment right to confront and cross-examine the victim of the crime. This contention is based on the fact that the State did not call the victim to testify. However, it is now well settled that the Confrontation Clause does not come into play where a potential witness neither testifies nor provides evidence at the trial.[3]Houser v. United States, 508 F.2d 509, 518 (8 Cir. 1974). As said in United States v. Polisi, 2 Cir., 416 F.2d 573, 579, "The Sixth Amendment safeguards the right of cross-examination, but it does not require the calling of any particular witness."
It follows from the foregoing that petitioner is not entitled to a writ of habeas corpus. An order denying the writ will be entered.
NOTES
[1] The state's evidence showed that petitioner acted jointly with his co-defendant in the deliberate shotgun shooting of the victim which resulted in the amputation of the victim's leg. There has been no contention, either in the state courts or in this Court, that the assessed punishment was excessive, if Section 559.180 R.S.Mo. applied to the crime. The statute contains no maximum sentence for the offense, so that a life sentence was authorized.
[2] We note from the transcript of the 1972 trial that the only reference before the jury to petitioner's prior conviction was on his own direct examination as follows:

"Q. Mr. Turnbough, I believe that you have also had one prior conviction in your lifetime?
A. Yes, sir.
Q. And how long was that ago?
A. Well, I got convicted in 1962, and I revoked my parole and they sent me to Algoa in /64, and I."
[3] The primary object of the Confrontation Clause was to prevent depositions or ex parte statements being used against the accused in lieu of the witness' personal appearance with the concomitant right of the defendant to cross-examine the witness in the presence of the jury which is to weigh his credibility. Barber v. Page, 390 U.S. 719, 721, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968). And cf. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Petitioner wholly fails to indicate wherein and in what respect he was legally prejudiced by the failure of the victim to testify.