**Gerald TURNBOUGH, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 76–1698.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1977.

Decided March 11, 1977.

Certiorari Denied May 31, 1977. See 97 S.Ct. 2658.

Mark R. Bahn, St. Louis, Mo., on brief for appellant.

Paul R. Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John D. Ashcroft, Atty. Gen., Jefferson City, Mo., on brief.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

PER CURIAM.

Gerald Turnbough, a Missouri state prisoner, appeals from the denial of a writ of habeas corpus. Turnbough was convicted in March of 1972, in the Circuit Court of the City of St. Louis, Missouri, of assault with the intent to kill with malice, in violation of Mo.Rev.Stat. § 559.180. Turnbough had pleaded guilty to a charge of burglary on November 21, 1962, in Greene County, Missouri. This prior conviction was offered outside the presence of the jury in the 1972 trial under the Missouri second offender statute, Mo.Rev.Stat. § 556.280. The jury returned a guilty verdict and, under § 556.-280, the trial judge sentenced Turnbough to 25 years imprisonment. His conviction was affirmed on appeal. *State v. Turnbough,*

497 S.W.2d 856 (Mo.App.1973). Thereafter Turnbough sought relief under Mo.Sup. Ct.R. 27.26 to vacate his sentence. This was denied and again his conviction was affirmed. *Turnbough v. State,* 533 S.W.2d 609 (Mo.App.1975).

In his petition for a writ of habeas corpus Turnbough asserts that his conviction under § 556.280 must be set aside since his November 21, 1962, conviction was illegal in that his sentence was imposed at a time when he was not represented by counsel.[1] The federal district court, the Honorable John K. Regan, held that Turnbough was not entitled to relief since he had shown no prejudice by reason of the uncounseled conviction. Alternatively the court held that by failing to object in his 1972 trial and appeal Turnbough had effectively waived his right to make this challenge. We affirm the denial of the writ.

The district court found that proof of the prior conviction under § 556.280 required the defendant to be sentenced by the trial court rather than the jury and did not result in a mandatory enhancement of this sentence. The district court held that the petitioner did not have a constitutional right to assessment of his punishment by a jury. *See Payne v. Nash,* 327 F.2d 197 (8th Cir. 1964). *See also James v. Twomey,* 466 F.2d 718 (7th Cir. 1972). We agree.[2]

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. After petitioner entered a plea of guilty on November 21, 1962, the state trial court placed him on probation. On August 28, 1964, the trial court revoked his probation and imposed a sentence of three years in prison. It was at this revocation proceeding and sentencing that petitioner was without counsel. At the time of the guilty plea proceeding in 1962 he was represented by counsel. Petitioner attacked the validity of this conviction by a petition of error coram nobis in 1975 after he had served his three-year sentence. The Circuit Court of Greene County held that the 1962 conviction was valid but set aside the 1964 sentence on the ground that petitioner had not been represented by counsel. The court, with petitioner's consent and in the presence of counsel, rendered the same sentence and ordered the prisoner discharged for the time already served. Missouri law is clear that a defendant is not

"convicted" until after imposition of sentence. *See State v. Crate,* 493 S.W.2d 1 (Mo.App. 1973). We recognize that the 1964 Greene County sentence cannot be retroactively validated in 1975 for purposes of supporting an earlier enhanced sentence. *See Losieau v. Sigler,* 406 F.2d 795, 799 (8th Cir.), cert. denied, 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969).

2. Petitioner initially raised in this court the principle that a trial judge, in imposing sentence, may not consider any prior illegal conviction and that when he does a remand is required for the trial judge to reconsider the sentence. *See United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Petitioner did not assert this before the federal district court or before the Missouri state courts. He has therefore not exhausted his state remedy and may not raise the question for the first time here.

Furthermore, in 1972 when the petitioner was tried under § 556.280, proof of the 1962 Greene County burglary conviction was placed before the jury by his counsel. The federal district court found this was a tactical move and that neither petitioner nor his counsel objected to its admission. Petitioner did not raise the admission of this evidence as error in the state trial court nor did he complain of it on direct appeal from his conviction.[3] Under the circumstances we find petitioner is estopped to raise the question now. *Cf. Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). We are not confronted with a question of whether petitioner made a "deliberate bypass" by failing to object to a denial of constitutional rights under the principles of *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *Cf. Gates v. Henderson,* No. 76–2065 (2d Cir., filed Jan. 12, 1977). Here petitioner did not merely fail to object, he openly offered the earlier conviction as part of his case in chief. He thereafter did not complain of any prejudice on appeal. Thus where the constitutional right is well known, and is a "trial-type" right, and where petitioner not only fails to object but proceeds affirmatively with proof, regardless of his reason for doing so, we do not feel he can openly invite error and then later rely on the error to reverse his conviction. *Cf. Estelle v. Williams, supra; Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976).

The judgment of the district court is affirmed.[4]

---

3. The Supreme Court decision in *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), holding uncounseled sentences to be invalid, was fully recognized in 1972. *See also Losieau v. Sigler, supra.*

4. Petitioner raises two additional grounds of alleged error. He asserts that there was (1) abuse of discretion of the state prosecutor in failing to charge him with attempted murder under Mo.Rev.Stat. § 556.150 rather than with assault with intent to kill under Mo.Rev.Stat. § 559.180; and (2) that he was denied his Sixth Amendment right to confront the victim of the crime. As discussed by the district court, these points are without merit.