**Gerald TURNBOUGH, Jr., Appellant,**

.v.

**STATE of Missouri, Respondent.**

**No. 60593.**

Supreme Court of Missouri,
En Banc.

Dec. 18, 1978.

Richard L. Geissal, Jr., James F. Booth, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Gregory W. Schroeder, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

This appeal is from the dismissal of a second motion to vacate sentence under Rule 27.26,[1] alleging as its principal ground,

---

1. References are to Supreme Court Rule 27.26 in 1978 Missouri Rules of Court (West).

denial of due process in appellant's criminal trial by the erroneous admission of a prior invalid conviction which improperly resulted in the prosecution and sentencing of appellant under the second offender statute. Appellant contends this issue had not been adequately raised nor ruled in his 1973 Rule 27.26 hearing because of motion counsel's ineffective assistance in that proceeding. The case was transferred prior to opinion in the Court of Appeals to permit our review of procedures in post-conviction proceedings under Rule 27.26 and particularly questions presented by the filing of successive motions. The appeal will be treated as though originally brought in this Court.

We first review the various actions which provide the background for this proceeding. Appellant pled guilty to burglary in the Circuit Court of Greene County in 1962 and was placed on probation for an indeterminate period. In 1964 probation was revoked and appellant was sentenced to a three year prison term which he served. Although the record shows counsel participated in the 1962 plea hearing, it does not reflect counsel's presence at the 1964 revocation and sentencing proceeding.

In 1972, appellant was tried and found guilty by a jury in the Circuit Court of the City of St. Louis on a charge of assault with intent to kill with malice. He was also charged under the Second Offender Act, § 556.280, RSMo 1969, and on proof of the prior burglary conviction, the Court imposed sentence of twenty-five years imprisonment. During the trial, appellant's counsel had objected to the introduction of a certified copy of judgment and sentence as evidence of the burglary conviction (apparently offered and received out of the jury's presence), arguing that it lacked proper authentication.[2] It is particularly significant that appellant thereafter testified and on

direct examination admitted his prior conviction. The judgment was affirmed in *State v. Turnbough*, 497 S.W.2d 856 (Mo. App.1973).

Appellant then filed his first motion under Rule 27.26 to vacate the judgment and sentence on the 1972 assault charge. The motion alleged ineffective assistance of trial counsel in failing to investigate and properly object to the introduction of the record of his prior burglary conviction because that sentence had been imposed following an uncounseled parole revocation proceeding and was thus inadmissible as evidence to permit utilization of the Second Offender Act. At the hearing on that motion in April, 1974, appellant was represented by the Public Defender. The issue of ineffective assistance of trial counsel was raised by the pleadings and argued by counsel and the record discloses the trial court questioned appellant concerning these allegations. Denying appellant relief on his amended motion, the court made these findings of fact and conclusions of law pertinent to the question here:

4. A review of the transcript discloses that the defendant was ably, effectively and competently represented by counsel.

5. The defense counsel at trial object-ed· to the introduction of documentary evidence substantiating the defendant's prior conviction for burglary based on proper authentication, said doucments (sic) were accepted into evidence, in (sic) the trial court found that the defendant admitted his prior conviction and so within the provisions oft he (sic) Second Offender Act.

### Conclusions of Law

1. Representation by retained defense counsel . . . did not amount to

**2.** During the pendency of the appeal from denial of his first Rule 27.26 motion, Turnbough, who had long since served his burglary sentence, attacked the 1962 conviction and the 1964 parole revocation and sentencing, by petition for writ of coram nobis in the Circuit Court of Greene County. That court ruled that the conviction was valid, but because appellant had

not been represented by counsel in the revocation proceeding, set aside the revocation and sentence. With the consent of appellant and his attorney, the court reimposed the three year sentence and entered an immediate order discharging appellant for the time previously served. This order was affirmed. 544 S.W.2d 894 (Mo.App.1976).

farce and mockery but was effective and competent. *Hobart [Holbert] v. State,* [Mo.] 439 S.W.2d 507.

\* \* \* \* \* \*

WHEREFORE, defendant's motion is overruled and denied in all respects.

The judgment was affirmed on appeal, *Turnbough v. State,* 533 S.W.2d 609 (Mo. App.1975).

Appellant then sought habeas corpus in federal district court again asserting invalidity of his 1972 assault conviction by reason of the alleged erroneous consideration of the prior burglary in the sentencing under the Second Offender Act. The district court in *Turnbough v. Wyrick,* 420 F.Supp. 588 (1976), denied the petition holding that the prisoner suffered no prejudice in his 1972 conviction and sentencing because the only effect of employing the Second Offender Act was to provide a basis for determination of punishment by the court rather than by the jury which found appellant guilty. The court pointed out, 420 F.Supp. at 591, that "[p]etitioner's *guilt* of both offenses as well as the *fact* of a valid prior conviction is unquestioned . . .," (emphasis in original) concluding, "In our judgment, petitioner suffered no prejudice in his 1972 conviction and sentencing by reason of the absence of counsel at his 1964 *sentencing* following his valid conviction. The only effect of utilizing the Second Offender Act was to permit the determination of punishment by the court rather than by the jury which determined guilt." (Emphasis in original.) The court then added, "There is, of course, no federal constitutional right to an assessment of punishment by a jury. *Payne v. Nash,* 327 F.2d 197 (8 Cir. 1964);

*James v. Twomey,* 466 F.2d 718 (7 Cir. 1972)." *Id.*

Affirming in *Turnbough v. Wyrick,* 551 F.2d 202 (8 Cir.), *cert. denied* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977), the Court of Appeals observed that proof of the 1962 burglary conviction had been placed before the jury during the 1972 assault trial by defendant and that "[u]nder the circumstances we find petitioner is estopped to raise the question now." 551 F.2d at 204. The 8th Circuit added this finale, *id.*: "Thus where [as here] the constitutional right is well known, and is a 'trial-type' right, and where petitioner not only fails to object but proceeds affirmatively with proof, regardless of his reason for doing so, we do not feel he can openly invite error and then later rely on the error to reverse his conviction."

■ Notwithstanding the trial court's decision in appellant's first 27.26 motion, and affirmance by the Court of Appeals, and the denial of his petition for habeas corpus in the federal court, appellant filed his current 27.26 motion, realleging the prior claim of ineffective assistance of trial counsel and adding the new charge of ineffectiveness of motion counsel stemming from such counsel's having failed to properly raise the charge of ineffectiveness of trial counsel.[3] From the opinion in 533 S.W.2d 609 (Mo. App.1975), it is clear that the Court of Appeals in denying his first 27.26 motion considered whether error occurred in the 1972 sentencing under the Second Offender Act and the related contention of ineffective assistance of trial counsel. While pointing out the deficiencies of movant's

---

3. Movant's current 27.26 motion presented six claims of error relative to movant's trial. The trial court set the motion for hearing and testimony was adduced from two witnesses. The cause was continued but prior to resumption of the hearing, the State filed a motion to dismiss to which movant filed objection. Thereafter the State's motion to dismiss was sustained. On the same date, movant requested leave to file his amended 27.26 motion; the request was denied. The record does not reflect whether

the denial of leave to amend occurred before or after the unamended 27.26 motion was dismissed. This has given rise to much discussion in the briefs concerning the propriety of the court's refusing leave to amend the motion. To permit a final disposition of the cause we shall treat the matter as though the trial court erred in disallowing the amendment and will consider both the unamended and amended 27.26 motions for their statement of a cause of action.

pro se brief and that of appellate counsel,[4] the court nevertheless considered the challenge to the trial court's alleged erroneous action imposing punishment under the Second Offender Act and concluded that under the circumstances movant had foreclosed the claim by having taken the stand and having testified on direct examination to his 1962 conviction and 1964 revocation. The Court of Appeals determined "that a bypass of the orderly state procedure had been made," 533 S.W.2d at 613, and movant was thereby precluded from raising this issue. Stated somewhat differently, the court in effect determined in the first post-conviction proceeding that appellant's original trial was not violative of the asserted constitutional requirements nor was the judgment otherwise void. Thus for reasons other than the alleged ineffective assistance of counsel in failing to "investigate a putative prior conviction," appellant's claim of error in the criminal trial was without merit. This not only vitiates his prior 27.26 motion claim of ineffective assistance of trial counsel but also bars his present complaint that counsel in the first motion failed to "properly preserve and litigate the issue raised by appellant *pro se*." The issue was adjudicated by the trial court in the first motion hearing and though improperly raised on appeal was determined and set to rest in *Turnbough v. State, supra.* The trial court in dismissing the present post-conviction proceeding correctly concluded that the allegation, "Ineffective assistance of the first motion counsel prevented a proper presentation and adjudication of the underlying issue," was meritless.[5] Because the underlying issue had been raised and determined adversely to appellant on his prior post-conviction proceeding, this claim was not cognizable under Rule 27.26(d) in a second motion.

■■■ The other grounds alleged in appellant's motion for vacating the judgment and sentence on the assault charge began with the averment that there had been a denial of due process and equal protection by the imposition of a longer sentence than that received by appellant's "codefendant." This contention stated no ground for relief and presented no issue of fact requiring a hearing because the punishment was within the limits imposed by law; thus, the allegation was properly denied. *State v. Cook*, 440 S.W.2d 461, 463 (Mo.1969). Appellant next charged ineffectiveness of counsel because of the failure to object at trial to the introduction of a gun thereby permitting the erroneous consideration of evidence of another crime. The motion's statement of this contention was defective in two respects: (1) nothing was alleged showing why the ground had not been previously raised as required by Rule 27.26(d), and (2) the point was directed to trial error not rising to constitutional proportions, thus failing under Rule 27.26(b)(3). Finally, appellant contended he was entitled to a new trial because of newly discovered evidence consisting of an admission by appellant's co-defendant that he, appellant, was not an accomplice. An allegation of error of this sort is generally not considered a basis for relief in 27.26 proceedings, *Beishir v. State*, 480 S.W.2d 883 (Mo.1972); moreover, appellant's conclusory statement of the contention suffered the infirmity of failing to allege facts demonstrating diligence in the discovery of the evidence and why such contention could not have been previously raised. Also, this averment seems little more than an attempt to relitigate movant's

---

Further, we will not consider testimony elicited at the hearing.

4. The "point" contained in appellant's brief was described by the Court of Appeals in this manner: "The point relied on attacks no finding, judgment or conclusion of the court which heard the 27.26 motion, but attacks the finding of the trial court that he was a second offender when he was tried in 1972 for the assault. It thus raises matters not included within the findings, conclusions and judgment of the court that heard the 27.26 motion. We have nothing before us for review." 533 S.W.2d at 612.

5. The trial court's order of dismissal was not accompanied by findings of facts or conclusions of law. Though such procedure was acceptable under *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), it is no longer permitted. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978).

guilt or innocence and raised no fundamental error of the trial court. Claims of this nature are not contemplated by Rule 27.26. *Robinson v. State,* 491 S.W.2d 314 (Mo. 1973).

Judgment affirmed.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY and SEILER, JJ., concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.