State v. Williams.

THE STATE v. WILLIAMS, Appellant.

Division Two, May 9, 1899.

1. **Insufficiency of Evidence**: APPELLATE PRACTICE. The appellate court will not interfere with the verdict on the ground of insufficiency of evidence unless there was no substantial evidence of defendant's guilt.

2. **Rape**: OF AN IDIOTIC WOMAN. A defendant who has sexual intercourse with a woman of such weak and disordered mind that she can not understand the nature and consequence of such act, and does not at the time know right from wrong, is in legal contemplation guilty of forcibly ravishing her, and is punishable under the Missouri statute (sec. 3681, R. S. 1889).

3. **Trials**: SEPARATION OF JURY: NEW TRIAL. The separation of a jury furnishes no ground for a new trial where their separation occurs before any evidence is introduced, and it affirmatively appears on the part of the State that they were not subject to improper influences.

*Appeal from Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

State v. Williams.

ROBERT SHUCK and W. H. DODSON for appellant.

EDWARD C. CROW, Attorney-General, and SAM B. JEF-FRIES, Assistant Attorney-General, for the State.

(1) The condition of the woman with reference to being pregnant, together with the testimony of the witnesses to whom defendant made statements to the effect that he had on a certain occasion and at a certain place had sexual intercourse with her is sufficient to fasten a verdict and finding of guilt upon him. (2) McClain, in his work on criminal law, says: "There may be such idiocy or insanity on the part of the female as to negative any consent by her, and therefore make the connection had with her, by reason of her condition, rape." State v. Shield, 45 Conn. 256; People v. Huston, 121 Ill. 497; State v. Felton, 139 Ind. 531; People v. Lemon, 79 Cal. 625. Wharton says: "Carnal knowledge with a woman incapable from mental disorder (whether the disease be idiocy or maniac) of giving consent, is rape." 1 Wharton's Crim. Law (9 Ed), 560. (3) It has been held on many occasions by this court that mere separation of a jury in a felony case will not furnish grounds for a new trial where there is no reason to suspect that they have been tampered with or acted improperly. The evidence or affidavits on the question show no actions that would work evil to defendant. State v. Matrossy, 47 Mo. 295; State v. Carlisle, 57 Mo. 102; State v. Igo, 21 Mo. 459; State v. Daugherty, 55 Mo. 69. Where the separation occurs during the progress of the trial before the jury retires, no reversal will be had where it is apparent that no juror was subjected to improper influences. State v. Orrick, 106 Mo. 111; State v. Avery, 113 Mo. 475; State v. Sansone, 116 Mo. 1; State v. Bell, 70 Mo. 633; State v. Howland, 119 Mo. 419. Where it affirmatively appears that a juror who was separated from his fellows during the progress of a trial, was not subjected

VOL. 149 mo—32

to any improper influences, the presumption arising from separation is fully rebutted.    State v. Sansone, 116 Mo. 1; State v. Collins, 86 Mo. 245; State v. Avery, 113 Mo. 475.

BURGESS, J.—Defendant was convicted in the circuit court of Texas county on the twenty-third day of November, 1898, of the crime of rape, and his punishment fixed at five years' imprisonment in the penitentiary.    He appeals.

Eliza Buckner, an imbecile female, was raised in Texas county, and lived with her parents all of her life.    She was about thirty-four years of age at the time of the commission of the offense with which defendant stands charged.    She did not know right from wrong, could not learn her letters nor count, nor could she tell the hour of the day by the clock, nor the number of days in a week or a month; she could do nothing unless told, and then as a rule had to be shown.    She was at times sent to a spring about one hundred and fifty yards from the family dwelling for water.    Sometime in the month of October, 1897, while she was at the spring, defendant went to her, and while in conversation with her took advantage of her feeble mind by having intercourse with her. This he admitted to others to have done on several occasions. As a result of this intercourse she became pregnant, and in due course of time was confined and gave birth to a child, which was dead when delivered.    Defendant was well acquainted with Eliza Buckner and knew her to be an imbecile.

At the close of the evidence on the part of the State, defendant interposed a demurrer to the evidence, which was overruled, and he saved his exceptions.    At the close of all the evidence the court over the objection of defendant instructed the jury as follows:

1.    The court instructs the jury that if you believe and find from the evidence that the defendant, at and in the county of Texas and State of Missouri, at any time before the finding of this indictment, did willfully and feloniously have sexual intercourse with one Eliza Buckner; and if you

further believe and find from the evidence that at the time of such intercourse, if you believe it was had, the said Eliza Buckner was a person of unsound mind, and of such weak intellect and intelligence that she could not and did not know or comprehend the nature and consequence of such an act, and could not understand right from wrong, you will find the defendant guilty of rape, and assess his punishment at death or imprisonment in the penitentiary for a term not less than five years.

2.    Willfully, as used in these instructions, means intentionally.    The term feloniously, means wickedly and against the admonition of the law; that is, wickedly and unlawfully.

3.    The court instructs the jury that the defendant is a competent witness in his own behalf, and his testimony should be considered by you in making up your verdict; but in determining what weight you will give to his testimony, you may consider the fact that he is the defendant and on trial.

At the request of defendant the following instructions were given.

1.    In order to convict in this case, it devolves upon the State to show and prove that the defendant, at some time, in Texas county, Missouri, had sexual intercourse with Eliza Buckner, and that she, at such time, was a person of such weak and disordered mind that she could not comprehend or understand the nature and consequence of such an act, and did not at such time know right from wrong, and unless the State has so shown, you will find the defendant not guilty.

2.    The defendant is presumed to be innocent and this presumption remains with him until the State, by evidence, establishes his guilt to your satisfaction and beyond a reasonable doubt.    If, therefore, upon a consideration of all the evidence in the case you have a reasonable doubt of defendant's guilt, you should give him the benefit of such doubt and acquit him; but to authorize an acquittal on the ground

of doubt alone, it should be a reasonable doubt and not the mere possibility of defendant's innocence.

While the defendant is not represented in this court, a number of causes are assigned in the motion for a new trial why the judgment should be reversed, the first of which is, that the verdict of the jury is against the evidence. This contention however is wholly without merit, as there was an abundance of evidence to justify the verdict and even if there was not this court would not interfere unless there was no substantial evidence of defendant's guilt, and there is no room for any such contention in this case.

For the same reason no error was committed in refusing defendant's demurrer to the evidence. Nor was the verdict against the law as declared by the court.

The question then presents itself as to whether or not the offense comes within the provision of section 3480, Revised Statutes 1889, which reads as follows: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of fourteen years, or by forcibly ravishing any woman of the age of fourteen or upwards, shall suffer death, or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury."

If then Eliza Buckner was incapable from mental disease whether idiocy or imbecility, from giving her consent, and defendant had carnal intercourse with her he was guilty of rape. This seems to be the rule of law with respect to such an offense. [Wharton on Criminal Law (9 Ed.), sec. 560.] In the case of The State v. Tarr, 28 Ia. 397, it was held that a conviction for rape was proper, without proof of resistance on the part of the female being shown, or that the force used by the defendant was against her will, when it was shown that she was idiotic or of imbecile mind, and there is nothing to indicate that she desired or consented to the intercourse, and when the imbecility of the female is shown,

and the force on the part of the defendant, then, if there is nothing to indicate consent, the act is, in legal contemplation, against her will.

If then, as was found by the jury, the defendant had sexual intercourse with Eliza Buckner and she was at the time a person of such weak and disordered mind that she could not comprehend or understand the nature and consequence of such an act, and did not at the time know right from wrong, the offense was complete because it was by force and without her consent.   [Reg v. Fletcher, 8 Coxes Criminal Law, 131.]

The only remaining error assigned in the motion for a new trial is the separation of the jury, after being impaneled and put in care of the sheriff, without any authority from the court.  In support of the assignment defendant filed the affidavit of R. M. Beaty, in which he stated that he was a member of the jury in the trial of the case; and that one William Freeman was also a member of said jury; "that said Freeman told Sheriff Trusty that he wanted to see T. N. Bradford.   Trusty said he couldn't let him off; it wouldn't do.   Freeman left the jury and came up the street, and the jury waited until he came back.   When Freeman left the jury we were all at the sample room at the Southern Hotel. We came up the street, and then Freeman came back to us in front of Schesler's store."

In opposition to said motion for new trial the prosecuting attorney filed the counter affidavit of juror W. A. Freeman, as follows:   "W. A. Freeman being duly sworn on his oath states that he was one of the jurors that sat in the trial of the case of State of Missouri against William Williams, charged with rape; that in the evening of the day the jury were impaneled, the sheriff, J. D. Trusty, allowed the jury to walk up the street to opposite the telephone office in the company of said sheriff; on returning to the room in the Southern Hotel affiant walked down the sidewalk, and the

balance of the jury in the street but a few feet away; that he never spoke to anyone while thus apart from the jury, but the attorney for the defense, W. R. Shuck; that he said in a joke to the said attorney: 'I am wondering who of you left me on the jury;' I do not remember any other conversation; never spoke to anyone else about the case; never was away from the jury after that. The time I spoke to Mr. Shuck was in the evening before the trial which was commenced next morning, and before any evidence was heard in the case."

The separation of the jury occurred before any evidence was introduced, and it affirmatively appearing on the part of the State that the jurors were not subject to improper influences, their separation furnished no ground for a new trial. [State v. Collins, 86 Mo. 245; State v. Avery, 113 Mo. 475; State v. Sansone, 116 Mo. 1.]

Finding no reversible error in the record we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.