William D. CONE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 70432.

Missouri Court of Appeals, Western District.

April 27, 2010.

Application for Transfer Denied Aug. 31, 2010.

Rebecca L. Kurz, for Appellant.

Daniel McPherson, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and JAMES E. WELSH, Judge.

JOSEPH M. ELLIS, Judge.

William D. Cone appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. For the following reasons, the judgment is affirmed.

Cone practiced psychiatry in West Plains, Missouri, from 1979 through 1994, when he lost his license, at the age of 70, after it was discovered that he had been having sexual relations with two of his patients. Also as a result of those patients' allegations, on January 1997, Cone was charged with six counts of first degree sexual assault, § 566.040, and thirteen counts of first degree deviate sexual assault, § 566.070. Following a jury trial, Cone was found guilty as charged and was sentenced to consecutive terms of seven years imprisonment on each of the nineteen counts. His convictions and sentences were affirmed by this Court on direct appeal. *State v. Cone*, 3 S.W.3d 833, 845 (Mo.App. W.D.1999).

Cone filed a motion for post-conviction relief under Rule 29.15 that was subsequently denied. On December 9, 2005, newly retained counsel filed a motion on Cone's behalf asking the motion court to find that Cone had previously been abandoned by post-conviction counsel and for leave to file an amended Rule 29.15 motion. After the State stipulated that Cone had been abandoned by counsel, the motion court entered its order permitting Cone to file an amended post-conviction motion.

In his amended Rule 29.15 motion, Cone alleged that trial and appellate counsel were ineffective for failing to challenge his prosecution as violating the due process and *ex post facto* clauses of the United States and Missouri constitutions. He also claimed that trial counsel was ineffective for failing to consult with and call a psychiatrist to rebut the expert testimony presented by the State. Finally, Cone argued that trial counsel was ineffective for failing to challenge the affidavit of probable cause. Following an evidentiary hearing, the motion court denied Cone's motion. Cone brings three points on appeal from that decision.

"Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." *Stiers v. State*, 229 S.W.3d 257, 260 (Mo.App. W.D.2007) (citing Rule 29.15(k)). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Storey v. State*, 175 S.W.3d 116, 125 (Mo. banc 2005) (internal quotation omitted).

"To prevail on an ineffective assistance of counsel claim, [Appellant] must show that (1) trial counsel's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) the deficient performance prejudiced [Appellant]." *State v. Rich*, 950 S.W.2d 337, 339 (Mo.App. W.D.1997) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "To establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness." *Storey*, 175 S.W.3d at 125 (internal quotation omitted). " 'We presume counsel to be competent, requiring proof to the contrary by a preponderance of the evidence.' " *Stiers*, 229 S.W.3d at 260 (quot-

ing *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996)). "As to prejudice, a claimant must demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *James v. State,* 222 S.W.3d 302, 304 (Mo.App. W.D.2007) (internal quotation omitted). "Appellant must establish both the performance and prejudice prongs of this test in order to prevail on a claim of ineffective assistance, and if he fails to satisfy either prong, we need not consider the other." *Id.*

In his first point, Cone claims that the motion court clearly erred in determining that trial and appellate counsel were not ineffective for failing to challenge his prosecution as violating his right to due process. He relies on the principle that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier,* 520 U.S. 259, 266, 117 S.Ct. 1219, 1225, 137 L.Ed.2d 432 (1997). He argues that the definition of incapacitated applied in his case was contrary to that adopted in the common law and that he had no notice or fair warning that his actions were criminal. He further claims that the statutes failed to give fair warning of the conduct they prohibited.

Under the applicable statutory language, "[a] person commits the crime of sexual assault in the first degree if he has sexual intercourse with another person to whom he is not married and who is incapacitated." *Cone,* 3 S.W.3d at 840 (quoting § *566.040.1,* RSMo 1986). Similarly, "[a] person commits the crime of deviate sexual assault in the first degree if he has deviate sexual intercourse with another person to whom he is not married and who is incapacitated." *Id.* (quoting § *566.070,* RSMo 1986). At trial Cone admitted to having performed the alleged sexual acts but challenged whether the victims were incapacitated because of their mental conditions.

On appeal, Cone contends that his patients did not share the same characteristics as the victims that had previously been deemed incapacitated under the common law and that he could not have reasonably known that the patients were legally incapacitated under the existing law when he had sexual intercourse with them. He argues that prior cases had established incapacity through evidence of impaired reality, delusional thinking, or severe developmental disability. He claims that trial and appellate counsel should, therefore, have challenged his prosecution as violating due process because he could not have reasonably foreseen that his actions would be deemed criminal.

The bulk of the cases relied upon by Cone for the treatment of when a woman is incapacitated predate the enactment of § 556.061(13), the applicable statutory definition of "incapacitated." [1] The only case cited by Cone applying § 556.061(13) utilized the same definition applied by the trial court in Cone's case and found the evidence presented therein sufficient to support the defendant's conviction. *See State v. Buck,* 724 S.W.2d 574 (Mo.App. W.D.1986). *Buck* offers no guidance related to the factual scenario presented in the case at bar.

At the time Cone had sexual intercourse with the victims, "incapacitated" was defined by statute as "that physical or men-

**1.** Cone cites to *State v. Cunningham,* 100 Mo. 382, 12 S.W. 376 (1889); *State v. Williams,* 149 Mo. 496, 51 S.W. 88 (1899); *State v. Warren,* 232 Mo. 185, 134 S.W. 522 (1911); and *State v. Schlichter,* 263 Mo. 561, 173 S.W. 1072 (1915).

tal condition, temporary or permanent, in which a person is unconscious, unable to appraise the nature of his conduct, or unable to communicate unwillingness to an act." § 556.061(13), RSMo 1986. At trial, the State presented three psychiatric experts that testified that both victims were incapacitated "in that they were unable to appraise the nature of their conduct and were unable to communicate their unwillingness to act." The jury found Cone guilty after being instructed, consistent with the statutory language, "that it must find and believe from the evidence beyond a reasonable doubt that, at the time, the patient was, because of a mental condition, unable to appraise the nature of her conduct or unable to communicate her unwillingness to engage in such conduct." *Cone,* 3 S.W.3d at 840. On direct appeal, this court determined that "there was substantial evidence from which a jury could find that [the victims] did not appreciate the nature of their conduct in committing sexual acts with the defendant" and "were unable to understand their conduct was sexual in nature." *Id.* at 842.

Cone was convicted under the language of the statutes in effect at the time he committed his crimes. The trial court did not overrule existing law or otherwise expand the statutory language. As noted by the motion court, the "definition reads the same today as it did the day Cone stripped his victims of their ability to resist him, plied them with drugs and alcohol, and forced them into a deviate sexual relationship under the guise of 'regression therapy.'" Any claim of a breach of due process was meritless, and therefore, the motion court did not err in finding that neither trial counsel nor appellate counsel was ineffective for failing for bring such a claim. Point denied.

■ In his second point, Cone claims that the motion court should have found that counsel was ineffective for failing to call an expert in psychology or psychiatry to rebut the State's evidence that the victims were incapacitated. He claims that a reasonably competent attorney would have located and called such an expert.

■ "To show ineffective assistance by failing to locate and present expert witnesses, Movant has the burden to show such experts existed at the time of trial, that they could have been located through reasonable investigation, and the testimony would have benefited the defense." *Williams v. State,* 226 S.W.3d 871, 873 (Mo.App. S.D.2007) (internal quotation omitted).

The record reflects that, during a pretrial hearing thirteen days before trial, trial counsel informed the court that, while he felt the defense would benefit from expert testimony, he had contacted ten to twelve psychiatrists and visited the Menninger Clinic in Topeka, Kansas, but had been unable to find an expert willing to testify in the case. Counsel also testified that Cone had unsuccessfully attempted to convince some of his colleagues to testify on his behalf. He further noted Cone's inability to pay more than a couple thousand dollars to an expert. The trial court commented that counsel appeared to have done all he could do with regard to obtaining an expert to testify on Cone's behalf.

The morning of Cone's trial, Cone told counsel that he had received a message from a third party that an expert in Topeka, Dr. Gilbert Parks, was willing to testify in the case on Wednesday of that week. Counsel stated that he had not spoken with the expert and did not know what his testimony would be. Cone also indicated that he had not spoken with the expert and had not seen his curriculum vitae. The State objected to the endorsement of the witness on the day of trial, and the court sustained that objection.

At the evidentiary hearing, Cone entered into evidence the deposition of Dr. William Logan. He claimed that a reasonably competent attorney would have located Dr. Logan or a similar expert to testify on his behalf.

Following the Rule 29.15 evidentiary hearing, the motion court found that trial counsel had made significant efforts to find expert witnesses to testify on Cone's behalf. The court determined that counsel had conducted a reasonable investigation for an expert and had acted in a competent manner in deciding to proceed to trial at the initial pretrial hearing.

The motion court's conclusion that counsel acted competently is not clearly erroneous. Counsel made a diligent but unsuccessful effort to obtain an expert to testify at trial. Counsel is not required to continue consulting experts until he or she has found one that will support the defendant's case. *State v. Ashley,* 940 S.W.2d 927, 933–34 (Mo.App. W.D.1997). The mere fact that the defendant was able to later obtain an expert that would have provided an opinion supporting the defense does not establish that counsel could have found such an expert at the time of trial or that they were ineffective for failing to do so. *Id.* "While defense counsel could have continued to consult additional experts in the hope of finding one that might support [the defense], counsel is not required to seek out an expert who might provide more helpful testimony." *Worthington v. State,* 166 S.W.3d 566, 575 (Mo. banc 2005). Point denied.[2]

In his final point, Cone claims that the motion court erred in determining that counsel was not ineffective for failing to challenge the affidavit of probable cause used to support his arrest warrant. Cone asserts that the affidavit contained statements made with reckless regard for the truth because they were based on expert opinions not widely accepted in the field of psychiatry and that the arrest warrant could have successfully been challenged under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Specifically, Cone challenges the statement made by the special prosecutor in the affidavit that he had reviewed the reports of the psychiatric examinations of the victims by three doctors, each of whom had opined that the victim that they examined had been unable to appreciate the nature of their conduct in engaging in sexual activities with Cone and was unable to communicate her unwillingness to engage in the sexual acts requested by Cone. Cone claims the prosecutor recklessly relied upon those comments because he knew the doctors were applying a standard of incapacity contrary to existing case law.

In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held that:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment

**2.** Though not raised in his post-conviction motion or in his point relied on, Cone additionally attempts to argue that the motion court should have found counsel was ineffective for failing to make a motion for a continuance on the day of trial to allow Dr. Parks to testify on his behalf. Even were this issue preserved for appellate review, it would be wholly without merit. Cone did not present any evidence at the motion hearing establishing that Dr. Parks had actually been available to testify at trial, what his credentials as an expert were, or what Dr. Parks's testimony would have been. The motion court had no reason to consider any claim whatsoever related to Dr. Parks.

requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155–56, 98 S.Ct. at 2676. Even assuming that *Franks* applies to challenges to arrest warrants as well as search warrants, Cone has failed to identify any evidence that would have needed to be suppressed as fruit of that arrest warrant. Accordingly, he has not established any prejudice from counsel's failure to make a *Franks* challenge to the affidavit supporting his arrest warrant.

Moreover, Cone's *Franks* claim is based primarily upon an assertion that the statements of the doctors that the special prosecutor relied upon were false. "Merely to allege that the affidavit contained false information does not suffice. The defendant must also show that the *affiant* knew of the falsity or submitted the affidavit with reckless disregard for its truth or falsity." *State v. Leisure,* 772 S.W.2d 674, 683 (Mo.App. W.D.1989) (overruled on other grounds in *Joy v. Morrison,* 254 S.W.3d 885, 888 n. 7 & 888–89 (Mo. banc 2008)) (emphasis added). "Although challenges to the truthfulness of such affidavits are permitted . . . , the deliberate falsity whose impeachment is permitted is only that of the affiant, not of any nongovernmental informant." *State v. Gilmore,* 665 S.W.2d 25, 29 (Mo.App. E.D.1984).

As to his claim that the prosecutor recklessly relied upon the doctors' opinions because he knew the doctors were apply-

ing a standard of incapacity contrary to existing case law, as noted *supra,* the applicable definition of "incapacitated" is set forth in § 556.061(13). Nothing in the affidavit indicates that the doctors or the special prosecutor applied a contrary definition.

The motion court properly found that the failure to file a motion to suppress under *Franks* did not constitute ineffective assistance of counsel. Point denied.

The judgment is affirmed.

All concur.