**Jeffrey L. BOLDEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 75563.**

Missouri Court of Appeals,
Western District.

Oct. 22, 2013.

Application for Transfer to Supreme Court Denied Nov. 26, 2013.

Gary E. Brotherton, Columbia, MO, for appellant.

Richard A. Starnes, Jefferson City, MO, for respondent.

Before Division Four: JAMES E. WELSH, Chief Judge, Presiding, CYNTHIA L. MARTIN, Judge and TERRY TSCHANNEN, Special Judge.

CYNTHIA L. MARTIN, Judge.

Jeffrey Bolden ("Bolden") appeals from the motion court's judgment denying his

Rule 29.15 motion for post-conviction relief after an evidentiary hearing. Bolden contends that the motion court clearly erred in denying his motion because (1) trial counsel was ineffective in failing to move to dismiss the charge of second degree assault of emergency personnel, because hospital security officer Monte Ruby ("Ruby") was not "emergency personnel" within the meaning of section 565.082.2;[1] and (2) appellate counsel was ineffective in failing to argue on appeal that there was insufficient evidence to support his conviction because the State failed to prove beyond a reasonable doubt that Ruby was "emergency personnel" within the meaning of section 565.082.2. Because we find that that Ruby was "emergency personnel" within the meaning of section 565.082.2, we affirm.

### Factual and Procedural History

The facts are undisputed. On August 2, 2008, Springfield police responded to a call that Bolden had doused himself in gasoline. When the police arrived at the scene, Bolden fled. The police called in a canine unit to locate Bolden. While being apprehended, Bolden was bitten by the canine tracking unit and required medical attention.

An ambulance was called. Before Bolden was placed in the ambulance, his shorts were cut off and he was rinsed off with water to dilute the gasoline. At this point, Bolden was nude and restrained with handcuffs. Bolden refused to cover up with an offered sheet and instead attempted to masturbate. Bolden was eventually loaded into the ambulance, though he was calling out obscenities and struggling with the police and paramedics.

Bolden was taken to the Cox North emergency room. In route to the emergency room, the paramedics informed the hospital staff that Bolden was "very violent." Security personnel, Ruby and Robert Wheatley ("Wheatley"), were waiting when Bolden arrived. While custody was being transferred from the paramedics to the hospital staff, Bolden was kicking and bucking off the hospital cot.

After he was transferred to the hospital staff, Bolden continued to resist, yelling and threatening the staff. Bolden "zeroed in" on Ruby and began making derogatory remarks to Ruby. Ruby did not respond. Bolden was restrained by handcuffs attached to the side rails on the hospital bed.

Doctors attempted to treat Bolden's dog bite, but he continued to resist. Bolden was prepared for transfer to Cox South hospital for surgery. While awaiting transfer, Ruby, Wheatley, Price (the acting major crime investigator for the Springfield police department), and two nurses stayed near Bolden's room. Bolden continued to verbally insult the staff and repeatedly kicked off his sheet, exposing himself to the female nurses and attempting to masturbate.

Ruby went into Bolden's room to cover Bolden. Ruby held Bolden's head down, with one cheek against a pillow. Ruby instructed Bolden to calm down. Bolden told Ruby to get his hands off him and to quit choking him. Ruby let go of Bolden's head and turned to walk away. Bolden twisted his lower torso and kicked Ruby in the back of the head. Ruby stumbled forward and caught himself. Ruby steadied himself and assisted Price, Wheatley, and another security officer in holding Bolden down until leg restraints could be applied. After Bolden had been restrained, Ruby began to exit the room and his knees buckled. Nurses caught Ruby

---

1. All statutory references are to RSMo 2000 as supplemented as of the date of the assault and murder in 2008, unless otherwise indicated.

and put him on a stretcher. Subsequent tests revealed massive, inoperable bleeding in the brain, which ultimately resulted in Ruby's death.

Bolden was charged as a persistent offender with alternative counts of second degree murder, second degree felony murder, and assault on a law enforcement officer or emergency personnel.[2] The case was filed in the Circuit Court of Greene County. On Bolden's motion, a change of venue to the Circuit Court of Boone County was granted.

After a jury trial, Bolden was found guilty of second degree felony murder and of the predicate felony of assault of emergency personnel. Bolden was sentenced to concurrent sentences of life in prison for felony murder and seven years for the assault. Bolden filed a motion for new trial which was denied by the trial court. Bolden's convictions and sentences were affirmed on direct appeal in *State v. Bolden*, 330 S.W.3d 868 (Mo.App. W.D.2011).

Bolden timely filed his pro se Rule 29.15 motion. Appointed counsel timely filed an amended motion. The motion court denied the amended Rule 29.15 motion after an evidentiary hearing. Bolden filed a motion to reconsider which was denied. Bolden appeals.

## Standard of Review

"Our review of the denial of [Bolden's] Rule 29.15 motion is 'limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous.'" *Clay v. State*, 310 S.W.3d 733, 735 (Mo.App. W.D.2010) (quoting Rule 29.15(k)). "'The motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made.'" *Id.* (quoting *Peterson v. State*, 149 S.W.3d 583, 585 (Mo.App. W.D.2004)).

## Analysis

Bolden raises two points on appeal. First, Bolden claims that the motion court clearly erred in denying his Rule 29.15 motion because his trial counsel was ineffective in failing to move to dismiss the charge of second degree assault of emergency personnel because Ruby was not "emergency personnel" within the meaning of section 565.082.2. Bolden claims "emergency personnel" must be medical personnel. Second, Bolden claims that the motion court clearly erred in denying his Rule 29.15 motion because his appellate counsel was ineffective in failing to argue on appeal that there was insufficient evidence to support his conviction because the State failed to prove beyond a reasonable doubt that Ruby was "emergency personnel" within the meaning of section 565.082.2. We address these points together as both depend for their resolution on whether Ruby was "emergency personnel" within the meaning of section 565.082.2.

To establish ineffective assistance of counsel, Bolden must prove by a preponderance of the evidence: "(1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney; and (2) that [Bolden] was thereby prejudiced." *Haskett v. State*, 152 S.W.3d 906, 909 (Mo. App. W.D.2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). If Bolden fails to demonstrate either prong of the

**2.** The second degree murder charge was dropped before trial. Before submission to jury, the State amended both charges of sec- ond degree felony murder and assault to remove the inclusion of "law enforcement" leaving assault of emergency personnel.

*Strickland* test, his post-conviction motion will be denied. *Id.*[3]

■ To establish the performance prong, Bolden bears a heavy burden "and must overcome a strong presumption that [his] counsel provided competent assistance." *Deck v. State,* 68 S.W.3d 418, 425 (Mo. banc 2002). Bolden must demonstrate " 'that counsel's representation fell below an objective standard of reasonableness.' " *Id.* at 426 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). To establish prejudice, Bolden must show that there is a reasonable probability that but for his trial counsel's ineffectiveness, the result would have been different. *Patterson v. State,* 110 S.W.3d 896, 900 (Mo.App. W.D. 2003). "When reviewing a claim of ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted on appeal and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it." *Hall v. State,* 16 S.W.3d 582, 587 (Mo. banc 2000).

■ Bolden was convicted of the class C felony of assault on emergency personnel in the second degree pursuant to section 565.082 in that he "knowingly caused physical injury to Officer Monte Ruby, emergency personnel, by kicking Officer Ruby in the head." In his amended Rule 29.15 motion, Bolden alleged that trial counsel and appellate counsel were ineffective as both failed to argue that Ruby did not provide medical care, and thus was not "emergency personnel" within the meaning of section 565.082.2.

Section 565.082.1(2) provides:

1. A person commits the crime of assault of ... emergency personnel ... in the second degree if such person:

(2) Knowingly causes or attempts to cause physical injury to ... emergency personnel ... by means other than a deadly weapon or dangerous instrument[.]

Section 565.082.2 defines "emergency personnel" as follows:

2. As used in this section, "emergency personnel" means any paid or volunteer firefighter, *emergency room or trauma center personnel,* or emergency medical technician as defined in subdivisions (15), (16), and (17) of section 190.100, RSMo.

(Emphasis added.)

During the post-conviction motion hearing, Clate Baker ("Baker"), Bolden's trial counsel, testified that in his trial preparation, he reviewed section 565.082.2 and felt that Ruby was emergency personnel as defined by the statute and, thus, did not consider filing a motion to dismiss the assault charge on the basis that Ruby did not meet the definition. Baker stated that, "[Ruby] wasn't a law enforcement officer. He was just acting as a hospital employee.... it seemed to me that he would qualify.... Based on what I understood going into this trial, [Ruby] was [emergency personnel.] If there was an argument he wasn't, I didn't—wasn't aware of case law that supported."

Similarly, Rosalynn Koch ("Koch"), Bolden's appellate counsel, testified that in preparing Bolden's appellate brief, she reviewed section 565.082.2 and concluded that Ruby "came within the wording of the

---

**3.** We note that Bolden argues, not as a point on appeal but in his discussion of the standard of review, that Rule 29.15(i) elevates his burden of proof to a preponderance of the evidence which is beyond what is required by

*Strickland* to demonstrate prejudice and is therefore unconstitutional. "[A]n issue not presented in a point relied on is not preserved for review." *Prock v. Hartville Feed, LLC,* 356 S.W.3d 839, 845 (Mo.App. S.D.2012).

statute" because it was her recollection that the record "stated that [Ruby] was employed in the emergency room that day." Koch testified that she believed that Ruby fell within the plain meaning of "emergency room personnel." She stated that she would have pursued an argument on this issue if she had believed one had merit.

In denying Bolden's Rule 29.15 motion, the motion court made the following findings:

> Bolden's claim that emergency personnel only refers to individuals giving medical "care" is not supported by the statute. Missouri rules of statutory construction require that words be defined by the plain and ordinary meaning. *State v. Sharp*, 341 S.W.3d 834, 844 (Mo. App. W.D.2011).... The statute clearly provides three distinct protected groups connected by the disjunctive "or." A victim who is within any one of these three groups would receive protection under this statute. Here, the evidence was overwhelming that Officer Ruby was within the second group, "emergency room or trauma center personnel." At trial, it was established that Officer Ruby worked for Cox Hospital for fifteen years. Officer Ruby's role was to assist the doctor and nurses in providing security for them and other patients both inside and outside the emergency room/trauma center of the hospital. Based upon the trial evidence, Mr. Baker's testimony at the motion hearing, and basic statutory construction, this Court finds that Mr. Baker's performance conformed to the skill and care of a competent attorney.
>
> ....
>
> Bolden has only one claim against his Appellate Counsel, Ms. Rosalyn Koch. Bolden claims that she should have appealed his conviction on the grounds

that there was insufficient evidence to prove beyond a reasonable doubt that Officer Monte Ruby was emergency personnel within the meaning of Section 565.082.2, RSMo.

> ....
>
> Ms. Koch testified at the motion hearing that she has twenty years of experience in criminal law. She testified that she reviewed the entire transcript for issues that could be raised on appeal. She testified that she reviewed Section 565.082, RSMo., and based upon a plain reading of the statute, Officer Ruby was emergency personnel. She testified that she did not pursue this issue further because a plain reading is what the courts do and once that was done, she stopped there. Ms. Koch testified that if she believed there was a sufficiency of evidence argument to be made, she would have raised the issue.
>
> This Court finds Ms. Koch credible and agrees with her assessment of statutory interpretation that a plain reading of the statute is the proper review. As explained in detail in the analysis of [the similar claim against trial counsel], Officer Monte Ruby, was emergency personnel as defined by Section 565.082.2, RSMo. Bolden has failed to prove that the proposed appellate claim was so obvious that an effective lawyer would have raised it and that it would have resulted in reversal of the conviction. Therefore, this claim is denied.

The motion court's findings and conclusions are not clearly erroneous. We agree that Ruby was "emergency personnel" within the plain meaning of section 565.082.2 and that Bolden has thus failed to prove ineffective assistance of counsel by either trial or appellate counsel.

"The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect

to the intent if possible, and to consider the words in their plain and ordinary meaning." *Belcher v. State*, 299 S.W.3d 294, 295–96 (Mo. banc 2009). "If a particular term is given a definition 'within a statute,' the courts must effectuate the legislature's definition." *State v. Rodgers*, 396 S.W.3d 398, 401 (Mo.App. W.D.2013). "In the absence of a statutory definition ... the dictionary may be used to derive the plain and ordinary meaning of a term." *State v. Harris*, 156 S.W.3d 817, 823 (Mo. App. W.D.2005). "If, after giving the language its plain and ordinary meaning, the General Assembly's intent is clear and unambiguous then we are bound by that intent and ought not resort to any statutory construction. 'Statutory interpretation is purely a question of law, which we determine *de novo*.'" *Andrews v. State*, 282 S.W.3d 372, 377 (Mo.App. W.D.2009) (citation omitted).

"Emergency personnel" is defined by section 565.082.2 to include three subcategories of people. One of those subcategories is "emergency room or trauma center personnel." "Emergency room" and "personnel" are not defined in section 565.082. The dictionary defines "emergency room" as "a hospital room or area staffed and equipped for the reception and treatment of persons requiring immediate medical care," and "personnel" as "a body of persons usu. employed (as in a factory, office, or organization)." MERRIAM–WEBSTER'S COLLEGIATE DICTIONARY 377, 867 (10th ed.1998). Combined, the plain and ordinary meaning of "emergency room personnel" is all persons who work in a hospital room that is staffed and equipped for the reception and treatment of persons requiring immediate medical care. Ruby was a person who assisted in the reception of persons requiring immediate medical care, and in facilitating their treatment, where required because of the unruly nature of the patient, or others who might be present. Plainly, Ruby fell within the category of "emergency room personnel," and was thus "emergency personnel" for purposes of section 565.082.

Despite the plain and ordinary meaning of the phrase "emergency room personnel," Bolden argues that section 565.082.2 must be construed in harmony with section 190.100(20), which defines "first responder" as used in section 190.001 to 190.245.[4] Bolden concedes that section 190.100(20) is not cross-referenced in section 565.082. Moreover, Bolden's argument ignores that we do not resort to rules of statutory construction unless legislative intent cannot be ascertained from the language of the statute. *Hudson v. State*, 190 S.W.3d 434, 440 (Mo.App. W.D.2006). We reject Bolden's invitation to engage in needless statutory construction when the intended meaning of "emergency personnel" as used in section 565.082.2 is clear and unambiguous.

Bolden responds that section 565.082.2 already refers to sections 190.100(15)(17),[5] suggesting that reference to section 190.100(20) for insight into legislative in-

4. Section 190.100(20) defines "first responder" as "a person who has successfully completed an emergency first response course meeting or exceeding the national curriculum of the United States Department of Transportation and any modifications to such curricula specified by the department through rules adopted pursuant to sections 190.001 to 190.245 and who provides emergency medical care through employment by or in association with an emergency medical response agency[.]"

5. Bolden states that section 565.082.2 references subsections (15)-(18) however, the section 565.082.2 in effect in 2008 referenced only subsections (15)-(17). Subsection (18) was added to section 565.082.2 in 2009. Nonetheless, subsection (18) defines "emergency medical technician-paramedic."

tent is appropriate. We disagree. Section 565.082.2 does refer to sections 190.100(15)-(17), but for the express and limited purpose of supplying the definition of the phrase "emergency medical technician," the third category of "emergency personnel" described in section 565.082.2.

Finally, Bolden argues that our holding in *State v. Sharp*, 341 S.W.3d 834 (Mo.App. W.D.2011), while not involving the meaning of the phrase "emergency personnel," requires us to exclude non-medical personnel from within the intended meaning of "emergency personnel." *Sharp* is not relevant to the resolution of this case. In *Sharp*, this court held that a corrections officer was not included within the definition of "law enforcement officer" set forth in section 565.082.1 for an offense that occurred in 2007, when the definition of "law enforcement officer" was not amended to expressly add "corrections officer" until 2009. *Id.* at 843–44. Under the circumstances, we rejected the State's argument that the legislature had always intended the term "law enforcement officer" to include "corrections officer." *Id.* at 844. The circumstances in *Sharp* are not at all analogous to Bolden's case.

Ruby was "emergency room personnel" and was thus within the category of "emergency personnel" intended to be protected by section 565.082. Neither trial counsel nor appellate counsel can be held ineffective for failing to challenge the charge of assault or the sufficiency of the evidence to support a conviction on the basis that Ruby was not "emergency personnel." *See State v. Hunter*, 840 S.W.2d 850, 870 (Mo. banc 1992) (motion court not clearly erroneous in finding counsel was not ineffective for failing to investigate and file a meritless motion); *Tisius v. State*, 183 S.W.3d 207, 217 (Mo. banc 2006) (counsel is not ineffective for failing to make a meritless objection); *Cone v. State*, 316 S.W.3d

412, 416 (Mo.App. W.D.2010) (motion court did not err in finding that neither trial counsel nor appellate counsel was ineffective for failing to bring meritless claim of breach of due process); *Bryan v. State*, 134 S.W.3d 795, 801 (Mo.App. S.D.2004) (appellate counsel not ineffective for failing to raise meritless issue as the result would not have changed and conviction would not have been reversed).

The motion court's denial of Bolden's Rule 29.15 motion was not clearly erroneous. Points One and Two are denied.

All concur.